# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00224-MR-DLH

| | |
|---|---|
| JAMES LAWRENCE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| BUNCOMBE COUNTY, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Complaint [Doc. 1]; the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2]; and the Plaintiff's Motion for Temporary Restraining Order [Doc. 3]. For the reasons that follow, the Court will deny the Plaintiff's request for a temporary restraining order and will dismiss the action for lack of subject matter jurisdiction.

**I.     BACKGROUND**

On August 25, 2014, the Plaintiff filed this action, asserting, *inter alia*, claims for deprivation of his constitutional rights in the course of a foreclosure proceeding against his property located at 47 Gill Branch Road, Weaverville, North Carolina ("the property"). [Doc. 1]. On August 26, 2014, the Plaintiff filed a motion seeking a temporary restraining order in an

attempt to prevent the property foreclosure sale from taking place. [Doc. 3].

## II. DISCUSSION

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

In this action, the Plaintiff challenges the validity of tax foreclosure proceedings of a North Carolina court. Under the Rooker-Feldman doctrine, however, this Court does not have jurisdiction to consider the Plaintiff's claims.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule,

the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of

those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

In the present case, the Plaintiff clearly seeks review of the state court proceedings which allowed the foreclosure upon his property, as set forth in the Plaintiff's Complaint. [Doc. 1]. Because the Plaintiff does not allege any injury independent of this state-court action but rather attempts to frame his state-court action as one arising under federal question jurisdiction through the invocation of 42 U.S.C. § 1983 [Doc. 1], the Court concludes that the Plaintiff's Complaint must be dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the Buncombe County District Court's orders, he must do so in the state courts.

Further, since this Court has no subject matter jurisdiction over this case, this Court cannot grant the requested injunctive relief. A temporary

4

restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief."  11A Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 2951 (2013).  A plaintiff seeking a temporary restraining order must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  For the reasons discussed herein, the Plaintiff has no likelihood of success on the merits because this Court has no subject matter jurisdiction over this case.  As such, the Plaintiff has not succeeded in demonstrating a sufficient likelihood of irreparable harm.  For these reasons, the Plaintiff's request for a temporary restraining order must be denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED**; Plaintiff's Motion for Temporary Restraining Order [Doc. 3] is

**DENIED**; and this action is **DISMISSED** for lack of subject matter jurisdiction.

      **IT IS SO ORDERED.**

Signed: August 26, 2014

Martin Reidinger
United States District Judge